## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH DONOVAN and MATTHEW DONOVAN, individually and as Personal Representatives of the Estate of Kailyn Donovan<br><br>vs.<br><br>RHODE ISLAND HOSPITAL, INC., JONATHAN VALENTE, M.D. and JAMES ZIEGLER, MD | CA NO.<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFFS, by and through their attorney, George J. Leontire, Leontire & Associates, PC, for their Complaint against DEFENDANTS allege, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is an action for the wrongful death of a seven-week-old infant caused by the negligence of the Hasbro Children's Hospital, a division of Rhode Island Hospital, Inc., and certain of its medical staff. Defendants failed to meet the acceptable standard of care in treating the infant, Kailyn Donovan.

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between the Plaintiffs who are citizens of the State of Massachusetts and Defendants who are citizens of the State of Rhode Island and a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business in the State of Rhode Island.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

4.     Venue is proper in this district under 28 U.S.C. § 1391(b)(3), in that DEFENDANTS are subject to personal jurisdiction in this district with respect to this action.

5.     The DEFENDANTS conduct business in Massachusetts through the Fall River Hasbro Children's Hospital Specialty Clinic at 10 North Main Street, Fall River, MA and through the LPG. Pediatric Heart Center located at 222 Milliken Blvd, Fall River, MA 02721.

6.     The DEFENDANTS solicit patients from southeastern Massachusetts through their Web Site, advertising and physician and ambulance networking activities.

7.     DEFENDANTS represent themselves as being "one of the nation's top-ranked pediatric facilities.

## PARTIES

8.     Plaintiff Sarah Donovan is a resident of Fall River, Massachusetts and, was the mother of Kailyn Donovan who died on November 23, 2013. She brings this action individually, as statutory beneficiary of Kailyn Donovan and as Personal Representative of the Estate of Kailyn Donovan pursuant to R.I. Gen. Laws §10-7-1 *et seq*.

9.     Plaintiff Matthew Donovan is a resident of Fall River, Massachusetts and, was the father of Kailyn Donovan who died on November 23, 2013. He brings this action individually, as statutory beneficiary of Kailyn Donovan and as Personal Representative of the Estate of Kailyn Donavan pursuant to R.I. Gen. Laws §10-7-1 *et seq*.

10.    Defendant Rhode Island Hospital is a corporation organized and existing under the laws of the State of Rhode Island. It's principal place of business is located in the City of Providence where it has at all times relevant to this action operated a hospital facility, including Hasbro Children's Hospital, by which it provides health care services to the public. At all times

relevant to this action, Defendant Rhode Island Hospital acted through its agents, servants, and employees.

11. Defendants Jonathan Valente, M.D. and James Ziegler, M.D. are medical doctors licensed to practice medicine in the State of Rhode Island.

## CAUSE OF ACTION

12. On November 23, 2013 Defendants undertook, for valuable consideration, to provide medical care to Kailyn Donovan.

13. It then and there became the duty of Defendants, either individually and by and through their agents, servants and employees, to exercise the degree of care and skill that was expected of reasonably competent medical care providers in the same class, acting in the same or similar circumstances.

14. Nevertheless, Defendants acted negligently and failed to exercise the requisite degree of care and skill in their diagnosis and treatment of Kailyn Donovan.

15. As a direct and proximate result of the negligence of Defendants, Kailyn Donovan died on November 23, 2013.

16. As a direct and proximate result of the negligence of Defendants, Kailyn Donovan endured extreme pain and suffering prior to her death, and the Estate of Kailyn Donovan claims damages as provided in R.I. Gen. Laws §10-7-5 and R.I. Gen. Laws §10-7-7.

17. As a direct and proximate result of the death of Kailyn Donovan, her beneficiaries claim pecuniary damages as provided in R.I. Gen. Laws §10-7-2.

18. As a direct and proximate result of the death of Kailyn Donovan, Plaintiffs Sarah Donovan and Matthew Donovan have suffered a loss of their daughter's society and companionship and claim damages under R.I. Gen. Laws §10-7-1.2(c).

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, interest, and costs.

SARAH DONOVAN
MATTHEW DONOVAN

By their Attorney,

*[signature]*

George J. Leontire, Esq. (BBO # 294270)
Leontire & Associates, PC
32 William Street
New Bedford, MA 02740
Telephone: (508)-993-0333
Facsimile: (508)-207-9747
george@leontirelaw.com

Dated: 12/3/15