UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH DONOVAN and MATTHEW DONOVAN, Individually and as Personal Representatives of the Estate of Kailyn Donovan,<br><br>    Plaintiffs,<br><br>v.<br><br>RHODE ISLAND HOSPITAL, INC., JONATHAN VALENTE, M.S., and JAMES ZIEGLER, M.D.,<br><br>    Defendants. | Civil No. 15-14010-LTS |

ORDER ON MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND AND/OR, IN THE ALTERNATIVE, DISMISS FOR IMPROPER VENUE AND/OR LACK OF PERSONAL JURISDICTION IN LIEU OF ANSWERING (DOC. NO. 5)

March 14, 2016

SOROKIN, J.

This case arises out of a sad and tragic course of events in which a seven-week-old child named Kailyn Donovan, who suffered from the congenital heart defect known as hypoplastic left heart syndrome, died at Rhode Island Hospital hours after, in response to a 911 call, she arrived there via ambulance. Plaintiffs, the infant's parents, assert an expected survival rate of between fifty and ninety percent in similar circumstances. In their single-count Complaint, they assert negligence on the part of the Hospital and certain doctors who treated Kailyn that day. All Defendants reside in Rhode Island. The Defendants moved to dismiss or transfer venue to the District of Rhode Island.

Title 28 U.S.C. § 1391(b) provides that, generally, plaintiffs may bring a civil action in:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situation; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiffs' Complaint asserts venue under "subsection (b)(3)." Doc. No. 1 ¶ 4. This is incorrect. That subsection applies only when the preceding subsections are inapplicable, and there is neither doubt nor dispute that venue lies in the District of Rhode Island.

In their Memorandum of Law in Opposition, Plaintiffs instead assert venue under subsection (b)(2). See Doc. No. 9 at 9 ("Venue is therefore proper under 28 U.S.C. § 1391(b) because 'a substantial part of the events or omissions giving rise to the claim occurred' in Massachusetts."). "In ruling on a motion [to dismiss for improper venue], '[a]ll well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. A district court may examine facts outside the complaint to determine whether its venue is proper.'" Turnley v. Banc of America Inv. Servs., Inc., 576 F. Supp. 2d 204, 212 (D. Mass. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (3d ed. 2004) (footnotes omitted)). Under that test, subsection (b)(2) does not authorize venue in this district.

Simply put, Plaintiffs have brought a negligence claim against the defendants which arises out of the acts and omissions that occurred during the time Kailyn was at the Rhode Island

Hospital.  The Complaint, unlike the memorandum in opposition to the motion, is entirely devoid of allegations concerning alleged misrepresentations in Massachusetts by one or more defendants regarding their ability to handle cases such as Kailyn's.

Because venue does not lie in this district, the Court ALLOWS Defendants' Motion insofar as it seeks transfer to the District of Rhode Island.  The remainder of the motion is DENIED AS MOOT.  The Clerk shall forthwith transfer this case to the District of Rhode Island.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge